## JAMES BRIDGES, Respondent, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, December 20, 1917.

1. **MASTER AND SERVANT: Injuries to Servant: Actions: Evidence.** In an action by a railroad employee injured when, by reason of the tipping of a coal car, an end gate which he and others were unloading toppled over and broke his leg, evidence that it was customary to block such cars, which were made so as to tilt when going around curves, when unloading heavy objects therefrom, was admissible as tending to establish the master's negligence.

2. ———: **Actions: Evidence: Admissibility.** Although a master is not required to furnish an absolutely safe place, nor is he guilty of negligence because a safer method or appliance could have been used, evidence in such case that the blocking or bracing of the car would have made it impossible for it to rock or tilt, and thus absolutely safe, cannot be excluded on that ground.

3. ———: **Injuries to Servant: Negligence.** Recovery cannot be defeated by showing that the master was guilty of other negligence than that relied on, where the negligence relied on was the proximate cause of the injury.

4. ———: **Negligence: Prima-Facie Case.** The plaintiff makes a prima-facie case of negligence when he shows that the defendant omitted to use a reasonably sure means of lessening or preventing.

a known danger and his case does not fail because some other means might have been but was not used by defendant to accomplish the same result.

5. APPEAL AND ERROR: Review: Harmless Error. In a servant's personal injury action where he alleged three grounds of negligence, the defendant master cannot object that the instructions given at his own request limited the servant's right of recovery to one ground only, it appearing that the one act of negligence submitted was the proximate cause of the injury, for the failure to submit the other grounds of negligence was at least harmless.

6. MASTER AND SERVANT: Injuries to Servant: Care. Where plaintiff was transferred from his usual duties, and with others required to unload end gates from a coal car, he cannot, having been injured when an end gate toppled over by reason of the tilting of the car, be denied recovery on the ground that he failed to exercise sufficient precautions in that the bottom of the end gate, which was to be slid over the side of the car, might have been pulled further from the side so as to give it a greater angle; it appearing that the servant was working under the immediate direction of a foreman.

7. NEGLIGENCE: Comparative Negligence: Effect of Contributory Negligence. Under Federal Employers' Liability Act, April 22, 1908, chapter 149, 35 Stat. 65 (U. S. Comp. St. 1916, secs. 8657-8665), contributory negligence is not an absolute defense.

8. MASTER AND SERVANT: Injuries to Servant: Changing Condition of Place of Work. Where a servant engaged with others in unloading end gates from a car was injured when the gate fell by reason of the tipping of the car which was not blocked, recovery cannot be denied on the theory that the injury resulted from an accident arising in the progress of the work, and that the duty of blocking the car rested on the servants; it appearing that the car was of a type made to tilt when it went around curves.

9. ———: ———: Actions: Evidence. In an action for injuries received by plaintiff when an end gate which he and other servants were unloading from a coal car fell, the questions whether the master could have anticipated the injury which resulted from its failure to block the car which was of a type that tilted, and whether it was guilty of negligence by reason of such failure, held for the jury.

Appeal from Jasper County Circuit Court.—*Hon. R. A. Pearson,* Judge.

AFFIRMED.

*W. F. Evans* and *Mann, Todd & Mann* for appellant.

*Sizer* and *Gardner* for respondent.

198 M. A.—37

STURGIS, P. J.— The plaintiff recovered judgment for five thousand dollars for personal injuries received by him while working for defendant at its railroad yards at Ft. Smith, Arkansas, and defendant has appealed. When injured plaintiff was assisting in unloading some endgates from a coal car, and one of such endgates fell against him breaking his leg near the ankle. These endgates were some eight or nine feet long, four or five feet wide and two inches or more thick. They weighed six to seven hundred pounds. We take it that the sides of the coal car were four or five feet high and the endgates which plaintiff was assisting to unload were placed on edge one against the other in a row or tier extending across the car. The coal car was standing east and west and the first of the endgates leaned against the north side of the car and the next one leaned against it so on. The endgates were being unloaded on the south side of the car and all in this row or tier were unloaded except three, the north one of which leaned against the north side of the car and the other stood at about the same angle against it and each other. At first there were three men unloading these endgates and after a number were unloaded plaintiff, whose usual business was that of a car repairer, was directed to go and assist because of the weight of the endgates and the difficulty of unloading same over the side of the coal car. Plaintiff says he had never done this kind of work before and followed the directions of the foreman having immediate charge. He was injured while unloading the first endgate after he began work. This endgate was unloaded by being first "walked over" to the south side of the car and leaned against it. Then all four men stooped down, took hold of the end or edge on the floor of the car and raising it up "heaved it over" by sliding it over the side of the car. The weight of the endgate prevented these men from picking it up and throwing it over. When the weight of the endgate and the men were thus on the south side of the car and the endgate released, that side of the car gave down or tilted. This

caused the outer endgate leaning against the north side of the car to overbalance and fall toward the south side striking plaintiff's leg and crushing it.

The cause of the rocking or tilting of the car was that the car is built in the manner of the front gears of a farm wagon with a bolster and kingbolt working on the axle or bumpers. The tilting was less than an inch at the base but was from four to six inches at the top of the car. These cars were purposely built so as to tilt in this manner for safety in going around curves.

The negligence charged by plaintiff, and on which alone the case went to the jury, is that defendant was negligent in ordering plaintiff to get on said car and unload said endgates without first properly blocking or bracing the car so as to prevent its tilting and make the place where plaintiff was required to work reasonably safe, and that on account of said failure to block said car, brace same and keep it from rocking, the place where plaintiff was ordered to work was not reasonably safe. Other allegations of negligence are that defendant failed to furnish a sufficient number of men to handle these endgates safely and failed to warn plaintiff of the dangers arising from the work, plaintiff being inexperienced therein.

Plaintiff proved by a number of witnesses that in unloading heavy materials from the side of a car built as this one was, it was customary or at least of frequent practice on defendant's railroad and other railroads to first block up the cars by driving blocks or wedges under the bolsters thereby making the car steady and thereby preventing the otherwise natural movement of rocking. This evidence was objected to, and error is assigned, on the ground that failure to conform to custom or usage is not proof of negligence and that the master is allowed to conduct his business in his own way within the limits of reasonable safety. This court had occasion to say in Cody v. Lusk, 187 Mo. App. 327, 171 S. W. 624, that the mere fact of doing certain work in a way different from the customary way does not raise an inference of negligence just as the use of a

new kind of tool or device would not alone show negligence. In that case we were discussing whether negligence could be inferred from the mere fact of placing a large boiler on end instead of on its side (the customary way) in repairing it, when the only difference was to cause the workmen to work on a higher level— eleven feet high instead of seven. We were not passing on the admissibility of evidence, but, after all the evidence was in, including that of its being customary to place the boiler on its side instead of standing it on end, and it being apparent that the height had nothing to do with causing the accident, we held that mere lack of conformity to custom, nothing else appearing, did not show negligence. The point here, however, is entirely different. It was shown that these cars were built, and properly so, in such manner as to allow them to tilt when heavy pressure was put on one side rather than to be built perfectly rigid. No fault is being found with their being so constructed. This method, however, gave rise to certain dangers in doing certain work on these cars and the real question is whether the defendant was called upon to take and did take reasonable precautions to obviate or minimize this danger. It is not a question of defendant doing its work in its own way or in a way different from custom, but whether the due care which the master owes the servant did not require the master to take reasonable precautions to make the doing of the master's work in the manner selected by the master reasonably safe. The evidence objected to tended to prove that the danger to workmen arising from the rocking motion of this car in unloading this heavy material over its side could be readily and easily remedied by placing a block under the bolster and also that such dangers were so obvious and of frequent occurrence that defendant railroad had frequently taken cognizance thereof and adopted this very means of preventing such cars from tilting or rocking. In Marquis v. Kock, 176 Mo. App. 143, 153, 161 S. W. 648, this idea is expressed thus: "For the jury to determine whether the defendants

could reasonably have foreseen the dangers and reasonably have adopted rules that would have prevented the injuries complained of, they had a right to determine that fact by taking into consideration what was usually and ordinarily done by those engaged in the same line of business.'' [See, also, Schiller v. Breweries Co., 156 Mo. App. 569, 577, 137 S. W. 607.] Certainly plaintiff should be allowed to show, in order to establish a lack of ordinary care, that defendant omitted to do what its own methods of doing this kind of work had shown was both necessary and effectual in minimizing the danger.

It is also said to be error to allow plaintiff to show that the blocking or bracing of this car would have made it impossible for it to rock or tilt—that is, absolutely safe from danger. The reason assigned is that the master is not required to furnish an absolutely safe place nor is the master convicted of negligence be merely showing that a safer method or appliance might be used. Followed to its legitimate conclusion this means that the injured 'man must never prove that by taking a certain reasonable precaution the master may completely overcome a certain danger but must confine himself to those remedies which if used will still leave some danger. One would naturally think that if there be some cheap, accessible and easily applied remedy which obviates *all* danger from a certain source, that is the one the master should use for it is the one a reasonably prudent person would use. So, too, if there is a cheap, accessible and easily applied device which certainly and materially makes the place safer, such fact is receivable in evidence because the jury may then say that a reasonably prudent man would not neglect to use same. The difficulty with defendant's argument is in not distinguishing between the standard of due care, which is part of the substantive law and which marks the line between reasonable care and negligence, and the rules governing the admissibility of evidence bearing on such standard. [See 1 Wigmore on Evidence, sec. 461.] In Hosheit

v. Lusk, 190 Mo. App. 431, 445, 177 S. W. 712, this court said:

"Nor is it always improper to show that another method of construction or operation of an instrumentality in actual use is practical and avoids the dangers of the one in question as tending to show the one in question is not reasonably safe. 'The more logical as well as the more equitable rule would therefore seem to be this—that evidence tending to show that a safer instrumentality might have been used, has an appreciable bearing on the question whether the one actually used was reasonably safe, and may or may not be conclusive, according to the other elements presented in the case.'"

As before stated, while the plaintiff alleged three grounds of negligence, the instructions given limit his right of recovery to one ground only, to-wit: defendant's failure to block and brace the car so as to prevent same from rocking or tilting. Presumably this was done because the evidence did not show negligence either in failing to furnish a sufficient number of men or in failing to warn plaintiff of the dangers. The defendant asked the court to so instruct the jury. It is somewhat novel to assign error on this ground because if the evidence does not support these other grounds of negligence it was certainly not error to omit them, and if the evidence does show negligence in these respects then the error is in defendant's favor. If one act of negligence is relied on and proven it certainly does not defeat the action to show that another act of negligence not relied on contributed to produce the injury. It is only where the act of negligence relied on is shown not to be a proximate cause of the injury, but that a different act was the proximate cause, that the case must fail. [Mullery v. Telephone Co., 180 Mo. App. 128, 168 S. W. 213.]

In this case there is little doubt that the cause of plaintiff's injury was the natural rocking or tilting of the car caused by unloading a heavy body from one side. That is what tipped over the endgate which

fell on plaintiff. The only question here is whether the defendant, charged with the duty to take reasonable care not to injure its workmen, should have taken some reasonable means to overcome such danger. The three acts of negligence alleged all relate to some means of prevention. The one means of prevention which the evidence shows could readily have been used and which would have been effective was to block up or brace the car. It was proven that this was not done. The defendant was left free, however, to exonerate itself of negligence by showing that it did something else which made blocking or bracing the car unnecessary or at least made plaintiff's work reasonably safe. Defendant might, as suggested, have furnished an extra man to prevent the endgates from falling over when the car tilted, but defendant did not do so. The defendant might (though we do not so decide) have warned plaintiff of the danger and cast on him the duty of guarding himself against the danger. The defendant did not do this. To show that plaintiff's work was not reasonably safe it was proper for him to point out a reasonable safe means omitted by defendant by which the danger could be lessened or prevented and predicate negligence thereon. Having done this we have yet to find the case which holds that, because the evidence shows that some other means might have been, but was not, used by defendant to accomplish the same end, plaintiff cannot recover.

The facts in this case do not bring it within the rule that where the injury may have resulted from one of two causes for only one of which the master is liable, then the evidence must show with reasonable certainty that the cause for which the master is liable produced the result charged. [Smart v. Kansas City, 91 Mo. App. 586 and Warner v. St. L. & M. Ry. Co., 178 Mo. 125, 134, 77 S. W. 67.] As before stated there is no doubt but that the injury was caused by the rocking of the car and the consequent overturning of the endgate and the negligence is in not taking any proper steps to prevent this. We hold that in such case it is suffi-

cient for the plaintiff to point out an easy, practical and efficient method of so doing, especially when such method is the obvious and common method, and predicate negligence on the failure to use such means and then leave it to defendant to show if he can that he did use other means which were reasonably adequate to accomplish the result of making the work or place reasonably safe.

It is also argued that the overturning of the endgate might have been prevented by pulling the bottom further out so as to give it a greater lean on angle and that plaintiff and his fellow workmen should have been alert for their own safety and looked after this. No such duty was imposed on plaintiff as he was working under the immediate direction of the foreman. It is true that many things requiring the use of judgment may be left to the judgment of the workman. But we cannot say that such was done here. Plaintiff was not accustomed to or skilled in this kind of work and was called there to assist those already working under the foreman. To say that plaintiff should have studied the situation and investigated the possible sources of danger and the means of overcoming same would have imposed on him the duties of the foreman. It is not even shown that he knew the construction of this car or its liability to tilt from weight thrown on one side when unloading heavy objects; nor did plaintiff know that the car had not been blocked or braced or some other means taken to prevent its tilting. This case is radically different from Bradley v. Tea and Coffee Co., 213 Mo. 320, 331, 111 S. W. 919, and is more like Corby v. Telephone Co., 231 Mo. 417, 132 S. W. 712. Moreover, this is a matter tending to show contributory negligence which is not pleaded and is not an absolute defense under the Federal Employee's Liability Act governing this case. Defendant did not seek either by its pleadings or instructions to mitigate the damages by reason of plaintiff's contributory negligence.

Nor do we agree that this was a danger arising in the progress of the work from the alterations in the condi-

tions in the work made by the workmen themselves. The blocking or bracing the car was a precaution which should have been taken before the work was commenced.

The point which has given us most concern is whether the rule of reasonable care to prevent injury required defendant to anticipate that the unloading of these endgates would be likely to cause this car to tilt as it did, and if so that such tilting would be likely to over turn the endgate. There is no difficulty in saying that if such result was likely to happen then some injury to some workman was likely to follow. The law on this subject was fairly and well stated to the jury in the instructions given to the effect that the jury must find that the car was not reasonably safe without taking such preventive steps to keep it from rocking and that a person using ordinary care would have done so; that defendant was not an insurer of plaintiff's safety in doing his work, but was only required to use reasonable care in making the car a reasonably safe place to work; that defendant was not required to guard against all possible accidents, but only such as a reasonably prudent person under like conditions would have reasonable grounds to apprehend might happen; that defendant was not required to prop or brace this car if it was already reasonably safe for unloading these gates; that the mere fact that bracing or propping the car would have prevented its rocking and the consequent injury does not show liability but the plaintiff must show that a person of ordinary prudence would have reason to anticipate that the space between the bolsters at the bottom of the car would allow it to rock sufficiently to result in some accident or injury to the employees unloading the tail gates from the car. The jury found the defendant negligent according to these rules and without going into further detail we are satisfied that the evidence was such as properly takes this question to the jury.

We have not discussed all the defendant's subdivisions of his points and authorities but have given them attention and have discussed those which appeared

to us as having most merit. We have concluded that the judgment should be affirmed and it is so ordered. *Farrington* and *Bradley, JJ.,* concur.